UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOE HIRAKI,

    Plaintiff,

vs.

AOKI KENDALL, LLC, a Florida limited
liability company, BLUETREE BRICKELL,
LLC, a Florida limited liability company, and
KEVIN AOKI, an individual,

    Defendants.

_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff JOE HIRAKI ("Plaintiff"), who was an employee of Defendants AOKI KENDALL, LLC, a Florida limited liability company, BLUETREE BRICKELL, LLC, a Florida limited liability company, and KEVIN AOKI (together, "Defendants"), and files this Complaint for unpaid minimum and overtime wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*, and for breach of contract for unpaid wages and attorney's fees and costs under Florida law and Fla. Stat. § 448.08.

### I.    **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' valet operation is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiff's federal question claims.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

3. This Court has supplemental jurisdiction over Plaintiff's breach of contract and unpaid wages claims pursuant to 28 U.S.C § 1367(a).

## II.　PARTIES

4. Plaintiff JOE HIRAKI ("Plaintiff") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was at times an hourly, non-exempt employee of Defendants AOKI KENDALL, LLC and KEVIN AOKI, and at times a salaried employee of Defendant BLUETREE BRICKELL, LLC and KEVIN AOKI, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant AOKI KENDALL, LLC d/b/a Aoki Teppanyaki ("KENDALL") is a Florida limited liability company that owns and operates Aoki Teppanyaki, the restaurant which employed Plaintiff, located at 7535 North Kendall Drive, Miami, Miami-Dade County, Florida.

6. BLUETREE BRICKELL, LLC ("BLUETREE") a Florida limited liability company that owns and operates Bluetree, the restaurant where Plaintiff was employed as a manager located at 95 Southwest 8th Street, Miami, Miami-Dade County, Florida.

7. Defendant KEVIN AOKI ("AOKI"), an individual and *sui juris*, is a manager and owner of KENDALL and BLUETREE (together, the "Employing Entities"). Aoki acted directly and indirectly in the interest of the Employing Entities and had the power to direct employees' actions. Aoki had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at the Employing Entities in accordance with the FLSA, making Defendant Kevin Aoki an employer pursuant to 29 USC § 203(d).

2

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

### III. COVERAGE

8. During the all material times, Defendant BLUETREE, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. During the all material times, Defendant AOKI KENDALL, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During the all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

11. During the all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. During all material times, Defendants were employers as defined by Florida law.

### IV. FACTUAL ALLEGATIONS

13. Defendant Kevin AOKI owns and operates the Employing Entities at which Plaintiff was employed, both of which are located in Miami-Dade County, Florida.

14. This action is brought pursuant to the FLSA for unpaid minimum and overtime wage compensation, liquidated damages, and other relief.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

15. This action is also brought pursuant to Florida law for breach of contract for unpaid wages and Fla. Stat. § 448.08 for attorney's fees and costs.

16. Plaintiff worked for KENDALL and AOKI as a server and in other tipped employee positions during the majority of the period from June, 2013 through August, 2014, approximately.

17. While working for KENDALL and AOKI, Plaintiff was paid as a tipped employee but was required to share his tips with kitchen staff, managers, and other non-tipped employees.

18. While working for KENDALL and AOKI, Plaintiff was not paid for all hours worked.

19. In addition to his employment with KENDALL and AOKI, Plaintiff worked for BLUETREE and AOKI as a salaried manager during the period August, 2014 through December, 2016, approximately, and, although he has repeatedly requested it, he was denied his last week's pay.

20. Defendants willfully engaged in practices that denied Plaintiff the applicable minimum and overtime wage under the FLSA.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### COUNT I
### FAILURE TO PAY MINIMUM WAGE IN
### VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

22. Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

23. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

24. By refusing to pay Plaintiff for hours worked, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a week.

25. As a direct and proximate result of refusing to pay Plaintiff for hours suffered or permitted in Defendants' employ, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JOE HIRAKI demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage owed under the FLSA;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

26. Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

27. Defendants willfully and intentionally refused to pay Plaintiff for hours suffered or permitted in their employ.

28. Defendants also willfully and intentionally refused to pay Plaintiff at the overtime rate of one-and-a-half times his regular rate of pay for all hours worked in excess of 40 per week.

29. Defendants owe Plaintiff the full overtime wage rate for all hours worked in excess of 40 per week.

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

30. As a direct and proximate result of refusing to pay Plaintiff at a rate of one-and-a-half times his regular rate of pay for hours suffered or permitted in Defendants' employ in excess of 40 per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff JOE HIRAKI demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty hours per week at the full overtime wage rate;

b) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the full overtime wage rate owed under the FLSA;

c) Award to Plaintiff reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## BREACH OF ORAL EMPLOYMENT CONTRACT-BLUETREE, LLC AND AOKI

31. Plaintiff reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

32. Plaintiff and Defendants entered into an oral employment contract.

33. Pursuant to the Agreement, Defendants were to pay Plaintiff $850.00 per week.

34. An essential term of the employment contract was that Defendants would pay Plaintiff according to the terms of the Agreement.

35. Defendants have breached the Agreement by willfully failing to pay Plaintiff the wages owed.

36. Plaintiff has been damaged due to Defendants' breach of the Agreement.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

37. Pursuant to Fla. Stat. § 448.08, Plaintiff requests reasonable attorney's fees and costs prevailing in this action for unpaid wages.

WHEREFORE, Plaintiff JOE HIRAKI demands judgment in his favor and against Defendants BLUETREE, LLC, and KEVIN AOKI, jointly and severally, as follows:

a) Award to Plaintiff of all unpaid compensation owed;

b) Award to Plaintiff of prejudgment interest;

c) Award to Plaintiff of attorney's fees and costs under Fla. Stat. § 448.08;

d) Award to Plaintiff of other such and further relief as this Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 8th day of February, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

7

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 8, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By:    **s/Robert W. Brock II**
       Florida Bar No. 75320
       robert@kuvinlaw.com
       legal@kuvinlaw.com
       *Law Office of Lowell J. Kuvin*
       17 East Flagler Street, Suite 223
       Miami, Florida 33131
       Tel.: 305.358.6800
       Fax: 305.358.6808
       *Attorney for Plaintiff*

**HIRAKI v. BLUETREE, LLC, AOKI KENDALL, LLC & KEVIN AOKI**
**CASE NO.:**

## Service List

**Robert W. Brock II, Esq.**
Fla. Bar No.: 75320
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Emails: robert@kuvinlaw.com;
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808