## SETTLEMENT AND RELEASE AGREEMENT

This SETTLEMENT AND RELEASE AGREEMENT (this "Agreement"), is made and entered into by and among Aoki Kendall, LLC, a Florida limited liability company, Bluetree Brickell, LLC, a Florida limited liability company, Kevin Aoki, and each of their directors, officers, employees and affiliates (collectively, the "Defendants"), and Joe Hiraki (the "Employee," and together with the Defendants, the "Parties").

WHEREAS, at certain times, the Employee was employed by Aoki Kendall, LLC and Bluetree Brickell, LLC;

WHEREAS, a dispute has arisen between the Parties with regard to such employment, including, but not limited to, the minimum wage and overtime payments and salary payments made to the Employee (the "Dispute");

WHEREAS, the Employee commenced an action pursuant to the Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA"), and Breach of Contract in the United States District Court for the Southern District of Florida (the "Court"), Case No. 17-cv-20511-KMM, entitled Hiraki v. Aoki Kendall LLC et al. (the "Civil Action");

WHEREAS, Defendants deny the allegations asserted in the Civil Action;

WHEREAS, the Parties acknowledge that they have a bona fide dispute regarding, among other things, the hours claimed to be worked by the Employee during his employment and the minimum wage and other compensation claimed to be owed to the Employee;

WHEREAS, the Parties have agreed to settle and resolve completely and finally all of their outstanding differences, disputes and claims, asserted or unasserted, known or unknown, which were or could have been asserted and other claims and causes of action, as set forth below; and

WHEREAS, the Parties, as a condition of performing their respective obligations as provided for herein, have agreed to execute, deliver and comply fully with the terms and provisions of this Agreement (subject to the Court's approval of the Agreement).

NOW, THEREFORE, in consideration of the above recitals and the promises and agreements contained in this Agreement, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

1.      Settlement Payment.  Within 20 days following the Employee's delivery to the Defendants' lawyer, Alexander Pastukh, Esq., of an executed copy of this Agreement and an Order by the Court approving this Agreement and dismissing the entire Civil Action with prejudice, the Defendants, their affiliates, or an entity on their behalf, will pay to the Employee, through the Law Office of Lowell J. Kuvin:

- $2,900.00 payable to "Joe Hiraki" as follows: (i) $850.00 (less applicable tax withholdings) for wage compensation for which Bluetree Brickell,

LLC will deliver to the Employee an Internal Revenue Service Form W-2; (ii) $1,025.00 for back overtime pay, minimum wage and returned tips under the FLSA, for which Aoki Kendall, LLC will deliver to the Employee an Internal Revenue Service Form W-2; and (iii) $1,025.00, from which no withholdings shall be taken, as liquidated damages under the FLSA, for which Aoki Kendall LLC will deliver to the Employee an Internal Revenue Service Form 1099; and

- $2,100.00 payable to "Law Office of Lowell J. Kuvin, as attorneys in fact for Joe Hiraki" as payment of the Employee's attorney's fees and costs related to the Civil Action, which the Employee represents were negotiated separately and without regard to the Employee's settlement amounts (provided that the Kuvin Firm has first provided the Defendants with an executed IRS Form W-9).

The Defendants will deliver to The Law Office of Lowell J. Kuvin an Internal Revenue Service Form 1099 with respect to the payments described above as payable to "Law Office of Lowell J. Kuvin, as attorneys in fact for Joe Hiraki." The Employee hereby agrees, represents and covenants that he will report and pay whatever taxes may be due by him, if any, as a result of the above-described payments by the Defendants (collectively, the "Settlement Payments") and that he will indemnify and hold harmless the Defendants against any claims relating thereto, including reasonable attorney's fees, interest and penalties. The Employee also hereby agrees, represents and covenants that he is solely responsible for, and will pay, any attorneys' fees and costs owed to the Kuvin Firm and/or any other law firm or counsel and that he will indemnify and hold harmless the Defendants against any claims relating to such attorneys' fees and costs. The Settlement Payments shall constitute full satisfaction of all of the Employee's claims against Defendants, including but not limited to any claims for costs or attorneys' fees, and a release of other claims and causes of action as set forth below.

2.     Acknowledgement. The Employee hereby expressly agrees that the Settlement Payments are being accepted by the Employee as full and complete consideration for all of the Employee's claims under the FLSA and state wage and hour law, whether asserted in the Civil Action or otherwise, that no other overtime payments, wages, tips or other compensation are due and owing, and that the Employee will not be entitled to any additional amounts pursuant to the federal Fair Labor Standards Act or state wage and hour law. Without limiting the foregoing, the Employee hereby expressly agrees that the Settlement Payments are the only sums that any and all Defendants, including their respective predecessors, parent corporations, subsidiaries, affiliates, insurers, current or former agents, officers, principals, directors, executives, employees, attorneys, members, managers, licensors, consultants, successors and assign will ever be required to pay to the Employee arising out of the FLSA and state wage and hour law for any matter up to and including the date of this Agreement, including, but not limited to, any matter arising out of or in any way related to the Employee's employment, the cessation of such employment and/or the Civil Action (including, but not limited to, payment for any overtime pay, minimum wage, tip returns, unreimbursed business expenses, salary pay, back pay or vacation pay). Further, the Employee expressly agrees that neither the Defendants nor their respective predecessors, parent corporations, subsidiaries, affiliates, insurers, current or former

agents, officers, principals, directors, executives, employees, attorneys, members, managers, licensors, consultants, successors and assign, will be required to pay any other sums to the Employee, regardless of any judgments whatsoever assessed against Defendants, including their respective predecessors, parent corporations, subsidiaries, affiliates, insurers, current or former agents, officers, principals, directors, executives, employees, attorneys, members, managers, licensors, consultants, successors and assign, in any action commenced by any person or entity arising from any matters pursuant to the FLSA or state wage and hour law up to and including the date of this Agreement.

3.  Mutual Releases.

3.1  In consideration of receipt of the Settlement Payment and other consideration provided for herein, the sufficiency of which is expressly recognized, the Parties for themselves and for their respective predecessors, parent corporations, subsidiaries, affiliates, insurers, current or former agents, officers, principals, directors, executives, employees, attorneys, members, managers, licensors, consultants, successors and assigns hereby voluntarily and knowingly, unconditionally and absolutely, WAIVE, REMISE, RELEASE, ACQUIT, SATISFY and FOREVER DISCHARGE one another and one another's predecessors, parent corporations, subsidiaries, affiliates, insurers, current or former agents, officers, principals, directors, executives, employees, attorneys, members, managers, licensors, consultants, successors and assigns (collectively and hereafter referenced and included within the term "Released Parties" for purposes of this paragraph 3.1), from or concerning any causes of action, claims, complaints, liabilities, suits, debts, dues, sums of money, accounts, indemnities, guarantees, contributions, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, damages (actual, statutory or other), injuries, judgments, executions, expenses and all other damages now accrued or hereafter to accrue, of any kind or character whatsoever, in any country or jurisdiction whatsoever, in law or in equity, known or unknown, direct or indirect, fixed or contingent, suspected or unsuspected, including but not limited to, any claims under federal, state or local law or any laws of any country in the world, arising out of or relating to any matters, transactions or events which existed from the beginning of time through the date of this Agreement that relate to, arise out of, or result from the Dispute, the Civil Action and/or any matters relating to or associated in any way with the Employee's employment, including, but not limited to, all FLSA and all state wage and hour claims (collectively, the "Released Claims"). The Released Claims encompass any potential claims for any relief, no matter how denominated, including but not limited to, compensatory damages, statutory damages, punitive damages and attorneys' fees and costs actually incurred; provided, however, such release does not include any breach of the promises, covenants, conditions or representations contained in this Agreement.

3.2  The Parties agree that this Agreement shall be construed to be, and is, a covenant by the Parties, for themselves, their affiliates, agents, members, successors and assigns, not to sue, institute, instigate, or act to cause, facilitate, or encourage the commencement of, any arbitration, lawsuit (whether in law or at equity), administrative, regulatory or self-regulatory investigation or proceeding, or any other action of any kind relating to or based upon the claims and causes of action hereby released. The Parties agrees and acknowledges that the covenants not to sue in this Agreement are made to inure to the benefit of, and are specifically enforceable by, the Parties, and their respective agents, employees, representatives, directors, officers, parent

3

companies, subsidiaries, affiliates, heirs, executors, licensors, consultants, predecessors, successors, and assigns.

        3.3     The Parties represent and warrant that they are the current legal and beneficial owner of the Released Claims and that they have not sold, assigned, pledged, transferred, conveyed, or contracted to sell, assign, pledge, transfer, convey or otherwise dispose of any such Released Claims to any person.

        3.4     The Parties represent and warrant that they can provide a complete resolution of the Dispute and the Civil Action, and that no part of the Dispute or Civil Action will remain viable after the execution of this agreement.

        3.5     The terms of the release and covenants provided and effectuated by this Agreement are to be construed broadly in favor of a complete resolution of the Released Claims, including all claims that were actually raised in, or could have been raised in, the Civil Action.

        4.     <u>Non-Disparagement</u>. The Parties agree that they will not make, whether by responding to inquiries or otherwise, any statements which disparage any other Party with respect to the Dispute or Civil Action, and the settlement thereof, including the terms of this release and all negotiations thereof, or imply that any Party prevails over any other Party in connection with the Civil Action.

        5.     <u>Neutral Reference</u>. Defendants agree to provide a neutral employment reference for Employee. Specifically, in response to any inquiry by an employer concerning Employee, Defendants will provide only dates of employment and the last position held by Employee. In order for this provision to be effective, Employee agrees to direct any employer seeking the reference from Defendants to:

> Douglas A. Medina
> Human Resources
> 2081 NW 7th Avenue
> Miami, FL 33127
> Tel: (305) 326-4052
> Fax: (305) 326-4069
> Douglas@aokigroup.com

This paragraph is not applicable to any reference sought by Employee and/or a prospective employer through any other current or former employee of Defendants.

        6.     <u>No Admission of Liability</u>. The Parties understand and agree that this Agreement is entered into only in compromise and settlement of all possible claims (asserted and unasserted, known and unknown, past or present) and shall not be construed as an admission of liability by Defendants. The existence of this Agreement, its terms and acts or omissions related thereto shall not be used as evidence or otherwise in any manner except in an action or proceeding related to enforcement of the terms of this Agreement.

7.    Voluntary Agreement and Consultation With Counsel. The Parties represent and acknowledge that: (a) they have read this Agreement; (b) they have made such investigation of the matters pertaining to this Agreement as they deem necessary and find the terms of this Agreement to be satisfactory; (c) they understand all of this Agreement's terms; (d) they execute this Agreement freely, voluntarily and without coercion, with full knowledge of its significance and the legal consequences thereof; and (e) they have consulted legal counsel and have had an adequate opportunity to review and consider the terms of this Agreement.

8.    Authority. Each Party expressly covenants, represents and warrants that it has the authority to enter into this Agreement, and that each person signing on behalf of a Party has all of the requisite power to bind that Party.

9.    Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida without regard to the conflict of law rules thereof. Jurisdiction and venue for all proceedings in connection with this Agreement, or arising as a result of any matter relating to this Agreement, shall be in the Circuit Court in and for Miami-Dade County, Florida.

10.    Enforcement Action: In the event any Party brings an action to enforce any of the provisions of this Agreement, the Party prevailing in any such action shall be entitled to recover, and the losing Party shall be obligated to pay, the reasonable attorneys' fees and costs incurred in such proceeding, including attorneys' fees and costs incurred in any appellate proceedings. EACH OF THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES THE RIGHT ANY OF THEM MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION RELATED TO OR ARISING OUT OF THIS AGREEMENT.

11.    Severability. Whenever possible, each provision of this Agreement shall be interpreted in such a manner as to be valid under applicable law, but if any provision of this Agreement shall be judged invalid or prohibited thereunder, such invalidity or prohibition shall be construed as if such invalidity or prohibited provision had not been inserted herein and shall not affect the remainder of such provision or the remaining provisions of this Agreement.

12.    Notices. All notices required or permitted hereunder shall be in writing and shall be sent via email and Federal Express (or other overnight courier) and addressed as follows:

If as to Defendants:    Alexander Pastukh, Esq.

1395 Brickell Avenue, Suite 800
Miami, Florida 33131
apastukh@appalaw.com

If as to Employee:    Robert W. Brock II, Esq.
*Law Office of Lowell J. Kuvin*

17 East Flagler Street, Suite 223
Miami, FL 33131
robert@kuvinlaw.com

13.     Counterparts.  This Agreement may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute one and the same instrument.  Facsimile and .pdf copies of signature pages shall be acceptable in the absence of original signature pages.

14.     Complete Agreement.  This Agreement contains the entire agreement of the Parties.  There are no promises, terms, conditions, or obligations other than those contained in this Agreement.  All negotiations, understandings, conversations, and communications are merged into this Agreement and have no force and effect other than as expressed in the text of this Agreement.

15.     No Oral Modifications.  No alterations, modifications, supplements, changes, amendments, waivers, or termination of this Agreement shall be valid unless in writing and executed by all of the Parties.  No waiver of any of the provisions of this Agreement shall constitute a waiver of any other provisions.  Each Party warrants that it has not relied on any promises or representations outside of this Agreement.

16.     Binding Effect of Agreement.  The terms and provisions of this Agreement shall be binding upon, and inure to the benefit of, the Parties and each of their respective successors, heirs and assigns.

17.     Further Assurances.  Each of the Parties shall execute and deliver any and all additional papers, documents, and other assurances, and shall take such additional actions as may be necessary in connection with the performance of its obligations hereunder to carry out the intent of the parties with respect to this Agreement.

18.     Attorneys' Fees and Expenses.  Except as stated in this Agreement, each of the Parties shall bear all of its own attorneys' fees, costs and expenses incurred or to be incurred in connection with, related to or arising out the Dispute and Civil Action, and/or negotiating and preparing this Agreement, and in carrying out any transactions contemplated by this Agreement.

19.     No Obligation to Third Parties. Except for the Parties to this Agreement and as otherwise provided herein, including as provided in Paragraph 3.2, no person is intended to be a beneficiary of any provision of this Agreement and, accordingly there shall be no third party beneficiaries of this Agreement.

As stated above, this Agreement is also subject to and contingent upon Court approval.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the dates written below.

6

Dated: _____ __, 2017

Aoki Kendall, LLC

_____
Name: _____
Title: _____

Dated: _____ __, 2017

Bluetree Brickell, LLC

_____
Name: _____
Title: _____

Dated: _____ __, 2017

_____
Kevin Aoki

Dated: 3/24 __, 2017

_____
Joe Hiraki

Dated: 3/27 __, 2017

Aoki Kendall, LLC

Name: _Kevin Aoki_

Title: _Managing Member_

Dated: 3/27 __, 2017

Bluetree Brickell, LLC

Name: _Kevin Aoki_

Title: _Managing Member_

Dated: 3/27 __, 2017

Kevin Aoki

Dated: 3/24 __, 2017

Joe Hiraki

7